IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| RACQUEL RAFFERTY,<br>    on behalf of herself and all others<br>    similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GMRI, INC.,<br>    and<br>DARDEN RESTAURANTS, INC.,<br><br>    Defendants. | Civil Action No. 2:22cv342 |

## COMPLAINT

NOW COMES Plaintiff Racquel Rafferty, on behalf of herself and all other employees similarly situated, and for her Complaint against Defendants alleges and says as follows:

1. This is a collective action by Plaintiff on behalf of herself and others similarly situated pursuant to 29 U.S.C. § 216(b) and Va. Code § 40.1-29 to recover unpaid wages and liquidated damages, attorney fees, prejudgment interest, and other relief from Defendants for violations of the Fair Labor Standards Act ("FLSA") and the Virginia Wage Payment Act. In addition, Plaintiff asserts an individual claim for unpaid wages pursuant to Va. Code § 40.1-28.10, the Virginia Minimum Wage Act.

## PARTIES

2. Plaintiff Racquel Rafferty is a citizen and resident of Virginia Beach, Virginia.

3. Defendant GMRI, Inc., is a corporation organized under the laws of the State of Florida and authorized to do business in Virginia. Its registered office is located in Suffolk, Virginia, and its principal office is located in Orlando, Florida. GMRI operates Longhorn

Steakhouse restaurants in the Commonwealth of Virginia, including the restaurant at which Plaintiff worked and continues to work at 3400 Princess Anne Road, Virginia Beach, Virginia.

4. Defendant Darden Restaurants, Inc. ("Darden"), is a corporation organized under the laws of the State of Florida. Its principal office is located in Orlando, Florida. Darden operates Longhorn Steakhouse restaurants through a network of subsidiaries, including GMRI. The principal offices of Darden and GMRI are co-located at 1000 Darden Center Drive in Orlando, Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of Plaintiff's Federal law claims pursuant to 28 U.S.C. § 1331.

6. This Court has pendent and supplemental jurisdiction of Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

7. GMRI maintains a registered office in this judicial district and operates commercial enterprises in this district.

8. Darden operates commercial enterprises in this district through its direct and/or indirect subsidiaries.

9. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district. The unpaid wages sought by Plaintiff were earned in this district.

10. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and Local Civil Rule 3.

## FACTUAL ALLEGATIONS

11. Defendants are both enterprises engaged in commerce with annual gross receipts of more than $500,000. Defendants are covered employers under the Fair Labor Standards Act.

12. At all times relevant herein, Plaintiff was engaged in interstate commerce. The tools and materials Plaintiff uses to perform the work assigned to her by Defendants included tools and materials manufactured outside Virginia that had moved in interstate commerce. Plaintiff used the instrumentalities of interstate commerce, including interstate communications systems, to perform her work.

13. Darden controls the operations in Longhorn Steakhouse restaurants through mandatory, standardized training programs, branding, operational policies, and employment policies. Darden's policies control the terms and conditions of employment for employees in Longhorn Steakhouse restaurants, including Plaintiff and those similarly situated.

14. At all times relevant herein, GMRI acted as the W2 employer of Plaintiff, issuing her paychecks for her work.

15. Plaintiff and those similarly situated are bartenders employed by Defendants in Longhorn Steakhouse restaurants throughout the United States.

16. Federal and Virginia law permit payment of hourly wages below the required minimum wage for work in tasks that are customarily tipped or in a tipped occupation. Defendants paid Plaintiff and those similarly situated less than the minimum wage; for example, Defendants paid Plaintiff $5.85 per hour.

17. As bartenders, Plaintiff and those similarly situated worked in dual jobs. The first was as bartenders, filling drink orders from customers, either placed directly from the customer or through a server, stocking the bar, and associated tasks directly supporting bartending work.

18. The second was as payroll assistants to Defendants' managers, assigned to perform the managerial function of accounting for and paying out in cash from the restaurant's cash funds at the end of a server's shift the tips earned by the server on that shift.

19. Restaurant payroll and managerial functions are not work in an occupation subject to tips. Neither is a function customarily tipped in the restaurant industry or a tipped occupation. Neither is work eligible for a tip credit against the minimum wage requirements of either Federal or Virginia law.

20. Defendants paid Plaintiff and those similarly situated hourly wages less than the required Federal and Virginia minimum wage for work performed in jobs not eligible for a tip credit.

21. Plaintiff and those similarly situated spend 20-50 minutes per shift cashing out servers at the end of the servers' shifts. Plaintiff and those similarly situated typically work one to five shifts per week.

22. Defendants and their supervisors knew Plaintiff and those similarly situated were performing jobs not subject to a tip credit because they were present for the work and mandated Plaintiff and those similarly situated perform this work through Darden's employment policies, Defendants' employment practices, and Defendants' supervisors express direction.

23. Defendants knew that the FLSA was applicable to its employees and did so for the three years preceding the filing of the Complaint.

24. Plaintiff and those similarly situated were subject to the same policies, procedures, and practices, including the same Darden mandatory, standardized training programs, operational policies, and employment policies.

25. Plaintiff and those similarly situated were non-exempt employees, eligible for minimum wage compensation under the FLSA.

26. Plaintiff and those similarly situated routinely worked hours in dual jobs, one of which was ineligible for a tip credit towards minimum wage, but were not paid minimum wages

for all such hours.

27. Plaintiff and those similarly situated were not paid all of the wages they were due on the regularly scheduled payday.

28. Plaintiff began working for Defendants in 2008. From in or around 2018, Defendants required her to perform restaurant payroll and managerial functions as a payroll assistant to Defendants' managers, performing the managerial function of accounting for and paying out in cash from the restaurant's cash funds at the end of a server's shift the tips earned by the server on that shift.

29. At all times relevant herein, Plaintiff normally worked five shifts per week, and had to cash out servers on every shift she worked.

30. All of the bartenders of Defendants are similarly situated to Plaintiff in the manner in which:

   a. They were required to perform tasks that are not customarily tipped or in a non-tipped occupation and were not paid minimum wages for that work; and,

   b. They were not paid all wages due on the regularly scheduled payday.

31. Plaintiff is an appropriate representative for the purposes of the Court certifying a collective action and approving a notice of the action to potential class members. Plaintiff's FLSA claim is the same or similar to the claims of the other potential class members. Plaintiff's Virginia Wage Payment claim is the same or similar to the claims of the other potential class members.

32. In particular, Plaintiff is an appropriate representative for two sub-classes:

   a. a class of all employees employed as bartenders by Defendants in Longhorn Steakhouse restaurants in the United States since August __, 2019 (the Minimum

Wage Class).

b. a class of all employees employed as bartenders by Defendants in Longhorn Steakhouse restaurants in Virginia since August __, 2019 (the Wage Payment Class).

33. Plaintiff and those similarly situated in the Minimum Wage Class are owed an average of $.82 per shift for the applicable liability period.

34. Plaintiff and those similarly situated in the Wage Payment Class are owed an average of $.82 per shift from the beginning of the liability period through April 30, 2021, $2.13 per shift from May 1, 2021, to December 31, 2021, and $3.00 per shift on and after January 1, 2022.

35. Upon information and belief, Defendants operated 533 Longhorn Steakhouses in the United States at the end of 2021 and continue to operate a similar number.

36. During the time period relevant to this action, upon information and belief, Defendants employed several thousand bartenders nationally, and several hundred in them Commonwealth of Virginia.

**COUNT ONE – UNPAID MINIMUM WAGES IN VIOLATION OF THE FLSA**

37. The allegations in paragraphs 1 through 36 above are incorporated by reference as if fully set forth herein.

38. Plaintiff and others similarly situated worked hours in tasks not eligible for a tip credit against the Federal minimum wage but were not paid the minimum wage required by law for such hours.

39. Defendants knew or showed reckless disregard as to whether they were violating the FLSA by failing to pay minimum wages for work not eligible for the tip credit.

40. Plaintiff and others similarly situated have been damaged by Defendants' failure to pay the minimum wages required by law.

### COUNT TWO – UNPAID WAGES IN VIOLATION OF THE VIRGINIA WAGE PAYMENT ACT

41. The allegations in paragraphs 1 through 40 above are incorporated by reference as if fully set forth herein.

42. Plaintiff and others similarly situated employed by Defendants in the Commonwealth of Virginia were not paid all wages due on every regularly scheduled payday because of Defendants' improper application of a tip credit against wages due.

43. Defendants knowingly failed to pay all wages due on every regularly scheduled payday.

44. Plaintiff and others similarly situated employed by Defendants in the Commonwealth of Virginia have been damaged by Defendants' failure to pay all wages due on every regularly scheduled payday.

### COUNT THREE – UNPAID MINIMUM WAGES UNDER THE VIRGINIA MINIMUM WAGE ACT

45. The allegations in paragraphs 1 through 43 above are incorporated by reference as if fully set forth herein.

46. Plaintiff worked hours in tasks not eligible for a tip credit against the Virginia minimum wage but was not paid the minimum wage required by law for such hours.

47. Plaintiff has been damaged by Defendants' failure to pay the minimum wages required by law.

WHEREFORE, Plaintiff respectfully prays the Court:

1. That the Court direct that notice of this action be provided to all others similarly

situated to Plaintiff in the Minimum Wage Class;

2. That the Court direct that notice of this action be provided to all others similarly situated to Plaintiff in the Wage Payment Class;

3. That the Court certify a class of similarly situated employees for whom a collective action under the FLSA will proceed to trial;

4. That the Court certify a class of similarly situated employees for whom a collective action under the Virginia Wage Payment Act will proceed to trial;

5. That Plaintiff and others similarly situated recover unpaid minimum wages, liquidated damages, prejudgment interest, attorney fees, and other relief by reason of Defendants' violations of the FLSA;

6. That Plaintiff and others similarly situated recover unpaid wages, liquidated damages, prejudgment interest, attorney fees, and other relief by reason of Defendants' violations of the Virginia Wage Payment Act;

7. That Plaintiff unpaid minimum wages, prejudgment interest, attorney fees, and other relief by reason of Defendants' violations of the Virginia Minimum Wage Act;

8. For a trial by jury on all issues so triable; and,

9. For such other and further relief as the Court may deem just and proper.

This the 16th day of August, 2022.

**RACQUEL RAFFERTY on behalf of herself and all others similarly situated**

/s/
Counsel

James R. Theuer (VSB #68712)
JAMES R. THEUER, PLLC

555 E. Main St., Suite 801
Norfolk, VA  23510
Tel: (757) 446-8047
Fax: (757) 446-8048
jim@theuerlaw.com
*Counsel for Plaintiff*
  *and all others similarly situated*